**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0381-22

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

GILBERTO VILLANUEVA, a/k/a
GILBERTO VILLANUEVA, JR.,
GILBERT VILLANUEVA, and
GILBERTO VILLANUERA,

     Defendant-Appellant.

_____

          Submitted November 20, 2024 – Decided December 18, 2024

          Before Judges Mayer and DeAlmeida.

          On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 14-08-2601.

          Jennifer N. Sellitti, Public Defender, attorney for appellant (Amira R. Scurato, Designated Counsel, on the brief).

          Matthew J. Platkin, Attorney General, attorney for respondent (Laura E. Wojcik, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Gilberto Villanueva appeals from a September 15, 2022 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing.  We affirm.

The facts leading to defendant's convictions for murder, burglary, attempted murder, and weapons charges are set forth in State v. Villanueva, No. A-2754-15 (App. Div. July 17, 2018), and we need not repeat them here.  We affirmed defendant's convictions and the sentence imposed on direct appeal but remanded to the trial court limited to conducting a restitution hearing.  On February 5, 2019, the New Jersey Supreme Court denied defendant's petition for certification.  State v. Villanueva, 236 N.J. 562 (2019).

Before the PCR court, defendant filed a pro se petition on March 4, 2019.  He subsequently filed an amended petition on December 24, 2019.  As pertinent to this appeal, we recite verbatim the issues presented to the PCR court in the pro se and PCR counsel briefs submitted in support of defendant's petition.[1]  We do so because defendant claims on appeal that the PCR judge failed to render findings as to all of his PCR claims.

> 1. INEFFECTIVE ASSISTANCE OF TRIAL AND APPELLATE COUNSEL FOR FAILING TO ARGUE THAT THE PROSECUTOR HAD A LEGAL DUTY

---

[1]  We renumber the legal arguments presented to the PCR court for the reader's convenience.

A-0381-22

TO CORRECT WHAT SHE KNEW TO BE FALSE TESTIMONY AND TO ELICIT THE TRUTH.

2. INEFFECTIVE ASSISTANCE OF TRIAL AND APPELLATE COUNSEL FOR FAILING TO ARGUE THAT THE PROSECUTOR CLEARLY VOUCHED FOR THE CREDIBILITY OF THE VICTIM DURING CLOSING SUMMATION. THE PROSECUTOR[']S CLEAR AND PREJUDICIAL ERRORS CLEARLY DEPRIVED THE PETITIONER OF HIS STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO A FAIR TRIAL AND HIS DUE PROCESS RIGHTS OF EQUAL PROTECTION OF THE LAW.

3. Trial counsel failed to investigate an intoxication defense in Defendant's case. He also failed to obtain Defendant's medical records from the Camden County Correctional facility, which shows that Defendant was being detoxed for Ethanol.

4. Trial counsel failed to investigate, interview and/or secure sworn affidavits from Nancy Villanueva, Diana Perez, Carol Perez, Ramses Brown, Jasper Baker, Lavashia Powell, Yanysia Rodriguez, Nydia Robles and Denzel Fludd. They would have testified that Defendant was under the influence earlier that night.

5. Trial counsel failed to hire an expert witness regarding the effect of Defendant's day-long drinking alohcal [sic], combined with the possible effects of Ativan and Haldol, and whether Defendant had the ability to waive his Miranda rights knowingly and voluntary.

6. Trial counsel failed to properly communicate to the Defendant the State was willing to give him the counter offer of 27 years, which defendant requested.

3

7. According to the Promis Gaval [sic], on February 23, 2015, a hearing had been scheduled for pre-trial conference, however, it was postponed because trial counsel was unavailable and defense wants more time. No subsequent hearing was schedule[d]. . . . Trial counsel and the trial court failed to comply with the strictures of the N.J. Court Rules, Rule 3:9-1(f) and Rule 3:9-3(g) violated the Defendant's right to due process.

8. At the January 14, 2016 Sentencing hearing, trial counsel failed to argue that the murder of [S.D.] and the attempted murder of [K.D.] occurred from the same episode and Defendant should not have been sentenced to consecutive sentences.

9. Trial counsel failed to investigate and discover the state's witness Christopher Joslin, who had a criminal record.

10. Trial counsel failed to advise Defendant of the stipulation agreement made between the state and defense regarding the state's witness Christopher Joslin. Defendant never signed any written form accepting or agreeing to the stipulated-facts that the state witness offered to be true.

11. In the Pre-trial Memorandum form, trial counsel and the trial court failed to question Defendant about the legal significance of the stipulation agreement made between the state and the defense. . . . Failure to comply with the stricture of Rule 3:9-1(f) and Rule 3:9-3(g) violated Defendant's right to due process.

12. TRIAL AND APPELLANT COUNSEL WERE INEFFECTIVE FOR FAILING TO ARGUE THAT THE PROSECUTOR HAD A LEGAL DUTY TO

4

CORRECT WHAT SHE KNEW TO BE FALSE TESTIMONY AND TO ELICIT THE TRUTH.

13. TRIAL AND APPELLATE COUNSEL WAS INEFFECTIVE FOR FAILING TO ARGUE THAT THE PROSECUTOR CLEARLY VOUCHED FOR THE CREDIBILITY OF THE VICTIM DURING CLOSING SUMMATION. THE PROSECUTOR[']S CLEAR AND PREJUDICIAL ERRORS CLEARLY DEPRIVED THE PETITIONER OF HIS STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO A FAIR TRIAL AND HIS DUE PROCESS RIGHTS OF EQUAL PROTECTION OF THE LAW.

14. TRIAL COUNSEL WAS INEFFECTIVE FOR HIS FAILURE TO PROPERLY INTRODUCE READILY AVAILABLE EVIDENCE THAT WOULD HAVE PROVEN THAT THE VICTIM DROPPED BOTH THE T.R.O. AND COMPLAINT ON OCTOBER 31, 2013. THEREFORE, TESTIMONY REGARDING THAT SPECIFIC PRIOR BAD ACT WOULD HAVE [SIC] NOT HAVE BEEN ADMITTED DURING DEFENDANT[']S TRIAL. THUS, THE PETITIONER WAS PREJUDICE BY THE PRIOR BAD ACTS EVIDENCE. BY ALLOWING THE 404(B) EVIDENCE TO ENTER PETITIONERS TRIAL. THE PETITIONER WAS DEPRIVED OF HIS SIXTH AMENDMENT STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO FAIR TRIAL AND HIS [SIC].

15. TRIAL AND APPELLATE COUNSEL WAS INEFFECTIVE FOR FAILING TO ARGUE THAT LAW ENFORCEMENT OFFICERS FAILED TO PROPERLY INFORM THE PETITIONER OF THE SERIOUS ACCUSATIONS AGAINST HIM AS REQUIRED BY THE SIXTH AMENDMENT. HAD LAW ENFORCEMENT OFFICERS INFORMED THE

5

PETITIONER OF THE TRUE ACCUSATION AGAINST HIM, THE PETITIONER WOULD NOT HAVE WAIVED HIS FIFTH AMENDMENT RIGHTS TO REMAIN SILENCE. BY FAILING TO INFORM THE PETITIONER OF THE TRUE ACCUSATION AGAINST HIM, LAW ENFORCEMENT OFFICERS COMPELLED THE PETITIONER TO BE A WITNESS AGAINST HIMSELF. THE PETITIONER WAS DEPRIVED OF HIS SIXTH AMENDMENT STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO A FAIR TRIAL AND HIS FOURTEENTH AMENDMENT DUE PROCESS RIGHTS TO EQUAL PROTECTION OF THE LAW.

16. TRIAL AND APPELLATE COUNSEL WERE INEFFECTIVE FOR FAILING TO CHALLENGE THE INVALID CRIMINAL COMPLAINT. SPECIFICALLY, (1) Trial And Appellate Counsel Failed To Challenge The Improper Procedures In Which The Invalid Complaints Was Signed, Filed And Processed; (2) The Victim Never Appeared Before A Judge Or Other Persons Legally Authorized To Take Complaints Pursuant To N.J.S.A. 2b:12-21; (3) The Victim Did Not Sign The Invalid Criminal Complaints Or Physically Appear Before A Proper Judicial Officer And Testify Under Oath To The Contents Of The Invalid Criminal Complaints (4) Failure Of The Victim To Appear Before A Proper Judicial Officer And Swear To The Contents Of The Criminal Complaint, Rendered The Complaints Invalid And Left The Trial Court Without Jurisdiction To Adjudicate The Criminal Complaints; And (5) The Petitioner Was Deprived Of His Fourteenth Amendment Due Process Rights Of Equal Protection Of The Law.

17. TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO PROPERLY INFORM DEFENDANT OF HIS TRUE PLEA NEGOTIATIONS.

6

18. TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO PROPERLY INFORM TE [SIC] PETITIONER OF IS [SIC] PLEA NEGOTIATIONS IN VIOLATION OF HIS DUE PROCESS UNDER BOTH THE SIXTH AND FOURTEENTH AMENDMENTS TO THE STATE AND UNITED STATES CONSTITUTION DURING THE PRETRIAL MEMORANDUM.

19. Trial counsel was ineffective because he failed to retain an expert for the Miranda hearing on the issue of Defendant's voluntariness to waive his rights in light of his compromised mental state due to being sleep eprived, intoxicated, and administered medication at the hospital prior to him being interrogated by the police.

20. Incorporation of the Defendant's Pro Se arguments in support of the PCR Petition.

A. Trial counsel was ineffective by not explaining to the Defendant what his total exposure was if convicted at trial and as a result the Defendant was not properly advised before he elected to proceed to trial. In the alternative the Defendant claims his due process rights were violated by the court because the court did not conduct the pre-trial conference in accordance with R. 3:9-1(f).

B. Trial counsel was ineffective for not discussing with the Defendant whether or not the Defendant agreed to the stipulation of the state's witness, Christopher Joslin, because it denied the Defendant his constitutional right to require the state to present him as a witness to be subject to cross examination.

C. Other enumerated claims of ineffective assistance of counsel.

7

21. The Defendant's PCR petition should be granted based upon the cumulative effect of the errors set forth above, or alternatively the defendant should be entitled to an evidentiary hearing on his claims.

22. The State committed a Brady[2] violation by not advising defense trial counsel that Christopher Joslin, a state witness, had a prior criminal record.

23. Defense counsel was ineffective for not objecting to the trial testimony of Officer Miller and Detective Gurcik regarding the knife found by Mr. Joslin.

24. Defense counsel was ineffective for not asking the court to give an instruction on voluntary intoxication negating an element of the offense.

25. The defense counsel was ineffective because he failed to argue to the court the three prior arrests of the Defendant the State used for the 404 b motion were dismissed.

26. The Defendant argues the police interrogators violated his due process rights because they failed to advise him of the charges or charge him with any offense when they questioned him in violation of State v. Sims, 466 N.J. Super. 346 (2021).

On September 15, 2022, Judge Thomas J. Shusted, Jr. denied defendant's PCR petition without an evidentiary hearing. Judge Shusted placed his detailed and comprehensive statement of reasons for denying defendant's petition on the record. The judge addressed the issues raised in the PCR briefs filed on

---

[2] Brady v. Maryland, 373 U.S. 83 (1963).

8

defendant's behalf and explained why he rejected each of defendant's ineffective assistance of counsel arguments.

The PCR judge explained many of the arguments raised in defendant's PCR petition were rejected on direct appeal. On direct appeal, we considered and rejected the following arguments: violation of defendant's Miranda[3] rights as a result of defendant's alleged impairments, including drugs administered at the hospital, day-long consumption of alcohol, and extreme fatigue at the time of the interrogation, rendering defendant unable to knowingly, intelligently, and voluntarily waive his rights; admission of evidence of a domestic violence incident; prosecutorial error during summation; and imposition of an excessive sentence.

Even though we affirmed the trial judge's finding that defendant knowingly, voluntarily, and intelligently waived his Miranda rights in denying the suppression motion, defendant revisited the issue before Judge Shusted. Defendant contended trial counsel was ineffective in failing to obtain an expert witness to testify at the suppression hearing that defendant's alcohol consumption and other impairments prior to the police interrogation rendered defendant unable to waive his rights knowingly, voluntarily, and intelligently.

---

[3] Miranda v. Arizona, 384 U.S. 436 (1966).

Judge Shusted reviewed a certification provided by Dr. Kenneth J. Weiss regarding the voluntariness of defendant's statement to the police. Even if Dr. Weiss had testified at the suppression hearing, Judge Shusted noted the doctor opined the evidence demonstrated "minimal impairment at the time of the interrogation." As a result, the judge found defendant could still provide a knowing and voluntary waiver of his rights even with some indicia of intoxication or impairment. Thus, Judge Shusted concluded Dr. Weiss's testimony would not have changed the outcome of the suppression motion under the totality of the circumstances.

Similarly, despite our affirming the trial judge's denial of defendant's suppression motion, defendant continued to press arguments before Judge Shusted concerning the statement he gave to the police. In his PCR petition, defendant claimed trial counsel was ineffective in failing to suppress his admission to the police that he stabbed the victims unintentionally. Because we affirmed the trial court's denial of defendant's suppression motion inclusive of his statements to the police, this argument was rejected on direct appeal. Nevertheless, Judge Shusted explained defendant's admitting to unintentionally stabbing the victims "was not as incriminating as the other evidence offered against him at trial." Therefore, the judge concluded that even if defendant's

10

statement had been suppressed, "defendant still would have been convicted" based on other overwhelming evidence.

Although the issue could and should have been raised on direct appeal, defendant asserted trial counsel was ineffective in failing to explain his potential prison exposure at trial. The PCR judge rejected defendant's argument, explaining there were several pretrial conferences on the record discussing plea offers. The judge found defendant "was given many opportunities to come to a resolution" regarding the charges against him and trial counsel "was [not] getting authority from . . . defendant to try to resolve it with a counter offer . . . ." Further, Judge Shusted concluded defendant's "bald assertions" in support of this argument failed to satisfy the first prong under Strickland[4] and defendant's trial attorney acted reasonably with respect to the plea negotiations.

In his PCR petition, defendant asserted his trial counsel was ineffective in failing to raise an intoxication defense addressing defendant's state of mind to purposefully and knowingly commit murder. Judge Shusted found "no evidence in the case to show the defendant was intoxicated to that level that required [such] a defense." He stated there was no evidence demonstrating defendant "was that intoxicated to cause a prost[r]ation of faculties as required [for] the

---

[4] Strickland v. Washington, 466 U.S. 668 (1984).

intoxication defense."  Thus, Judge Shusted determined trial counsel was not "ineffective for not requesting a jury [instruction] on that particular issue."

Defendant also challenged the effectiveness of his trial counsel regarding a stipulated statement concerning the witness who found the knife defendant used to attack the victims.  Trial counsel stipulated to a simple statement by the witness because the witness was no longer present in New Jersey and his testimony was brief.  According to Judge Shusted, the stipulated statement indicated the witness was "doing his citizen's duty" when he reported finding the knife to the police.

Regarding the stipulated statement, Judge Shusted concluded there was nothing "prejudicial" or "allegedly hearsay" in the witness's testimony read to the jury.  He also determined defendant failed to demonstrate how the stipulation deprived him of a fair trial.  Further, Judge Shusted noted the witness's prior criminal history was too remote in time to "disqualify him as a reliable witness." Judge Shusted also concluded the stipulated statement was "unbiased" and defendant failed to establish the stipulation constituted ineffective assistance of counsel.

Despite our affirming the sentence on direct appeal, defendant asserted in his PCR petition that his trial counsel's arguments against imposing consecutive

12

sentences were ineffective. Judge Shusted determined consecutive sentences "appear[ed] to be fair under all the circumstances of [defendant's] crime." Based on the facts, which involved the murder of one victim and the attempted murder of the other victim, the judge concluded consecutive sentences were appropriate. Judge Shusted found trial counsel advanced reasons why consecutive sentences should not be imposed even though the sentencing judge rejected those arguments.

Judge Shusted also rejected defendant's claim that he was not advised of the charges against him. In reviewing the record, the judge found defendant "was informed of the crimes" for which he faced charges.

Based on the record, Judge Shusted concluded defense trial and appellate counsel were not ineffective in their representation of defendant. The judge found counsels' decisions reflected considered and reasonable litigation strategy and presented appropriate and meritorious arguments. After explaining his reasons for rejecting each of defendant's PCR claims, he concluded defendant failed to establish a prima facie case of ineffective assistance of counsel and therefore was not entitled to an evidentiary hearing.

On appeal to this court, defendant raises the following arguments:

POINT I

BECAUSE DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE FROM COUNSEL, THE PCR COURT ERRED IN DENYING DEFENDANT'S PETITION FOR RELIEF.

A. Legal Standards Governing Applications for Post-Conviction Relief.

B. Counsel Below Was Ineffective.

1. Trial counsel failed to hire an expert witness to challenge the voluntariness of defendant's confession.

2. Trial counsel failed to request jury instructions on intoxication.

3. Trial counsel was ineffective for failing to argue that law enforcement officers failed to properly inform the petitioner of the serious accusations against him.

4. Appellate counsel failed to raise all of the claims requested by defendant.

5. The PCR judge failed to make sufficient findings on defendant's remaining claims.

We affirm the denial of defendant's PCR petition for the comprehensive reasons stated on the record by Judge Shusted. We addressed and rejected most of defendant's PCR arguments on direct appeal in affirming defendant's convictions and sentence. As to those contentions not addressed on direct appeal, we are satisfied Judge Shusted thoroughly analyzed each asserted

contention and explained, in detail, his reasons for rejecting defendant's ineffective assistance of counsel claims. We add only the following comments.

When a PCR judge does not conduct an evidentiary hearing, we review the denial of a PCR petition de novo. State v. Harris, 181 N.J. 391, 420-21 (2004); State v. Lawrence, 463 N.J. Super. 518, 522 (App. Div. 2020). However, we review a PCR judge's decision to proceed without an evidentiary hearing for abuse of discretion. State v. Vanness, 474 N.J. Super. 609, 623 (App. Div. 2023) (citing State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013)).

To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-prong Strickland test: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) "the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687; State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-prong test in New Jersey).

A defendant filing a PCR petition is not automatically entitled to an evidentiary hearing. State v. Porter, 216 N.J. 343, 355 (2013). Rule 3:22-10(b) provides a defendant is entitled to an evidentiary hearing on a PCR petition only if the defendant establishes a prima facie case in support of PCR, material issues of disputed fact cannot be resolved by reference to the existing record, and an

evidentiary hearing is necessary to resolve the claims for relief. Id. at 354 (quoting R. 3:22-10(b)). A PCR judge should grant an evidentiary hearing "if a defendant has presented a prima facie claim in support of [PCR]." State v. Preciose, 129 N.J. 451, 462 (1992).

We are not persuaded by the "newly" raised arguments in support of defendant's PCR petition because those arguments could, and should, have been raised on direct appeal. See State v. Szemple, 247 N.J. 82, 97-98 (2021) (holding "a defendant is precluded from using PCR 'to assert a new claim that could have been raised on direct appeal)'" (quoting State v. McQuaid, 147 N.J. 464, 483 (1997)); see also R. 3:22-4(a). Additionally, because defendant's "newly" asserted arguments required no examination of evidence outside the trial record, the arguments were proper for direct appeal. See State v. Howard-French, 468 N.J. Super. 448, 469 (App. Div. 2021).

We also agree with Judge Shusted's conclusion that defendant's appellate counsel was not ineffective for failing to raise various issues on appeal as requested by defendant. "[A] defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue that defendant requests on appeal." State v. Gaither, 396 N.J. Super. 508, 515 (App. Div. 2007) (citing Jones v. Barnes, 463 U.S. 745, 753-54 (1983)). An ineffective assistance of

A-0381-22

appellate counsel claim will fail absent demonstration that appellate counsel failed to raise a reversible error on appeal. See State v. Echols, 199 N.J. 344, 361 (2009). We discern no abuse of discretion in Judge Shusted's decision rejecting defendant's ineffective assistance of appellate counsel for the reasons he stated on the record.

Further, we reject defendant's argument that Judge Shusted failed to address each of the arguments presented in his petition. At the conclusion of the PCR argument, Judge Shusted asked defendant's PCR counsel if there were any additional arguments that defendant required the judge "to opine on." Defense counsel replied: "I don't have anything further, Your Honor." Thus, defendant affirmatively informed Judge Shusted there were no issues the judge failed to address.

On this record, we are satisfied defendant waived his right to pursue this issue on appeal. See State v. Robinson, 200 N.J. 1, 20 (2009) ("[I]t is a well-settled principle that our appellate courts will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest.") (quoting Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973)). Because

A-0381-22

the issue neither goes to the jurisdiction of the PCR court nor concerns a matter of great public interest, we decline to address it.

After reviewing the record, we agree with Judge Shusted that defendant failed to establish a prima facie case of ineffective assistance of counsel under Strickland. As a result, no evidentiary hearing was required.

To the extent we have not addressed any of defendant's remaining arguments, we conclude those arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION